# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CYNTHIA M. JONES, )
 )
    Appellant, )
 )
    v. )    C.A. No. S23A-03-001 RHR
 )
CREATIVE ASSEMBLIES, INC. )
and UNEMPLOYMENT )
INSURANCE APPEAL BOARD, )
 )
    Appellees. )

Submitted: July 5, 2023
Decided: September 28, 2023

*Upon Consideration of an Appeal of a Decision of the
Unemployment Insurance Appeal Board,* **AFFIRMED.**

## MEMORANDUM OPINION AND ORDER

Cynthia M. Jones, *Pro Se, Appellant*.

Daniel F. McAllister, Esquire, McAllister Firm, LLC, 800 N. King Street, Suite 203, Wilmington, Delaware, 19801 *Attorney for Appellee Creative Assemblies, Inc*.

Victoria W. Counihan, Esquire, Matthew B. Frawley, Esquire, Victoria E. Groff, Esquire, Delaware Department of Justice, 820 N. French Street, 6th Floor, Wilmington, Delaware 19801 *Attorneys for the Unemployment Insurance Appeal Board*.

**ROBINSON, J.**

Before this court is the appeal of Cynthia Jones from a decision of the Unemployment Insurance Appeal Board ("UIAB" or the "Board"). The UIAB affirmed the Delaware Division of Unemployment Insurance Appeals Referee's decision to disqualify Jones from receiving unemployment benefits following a finding that Jones was discharged from her employment for just cause. The issues on appeal are whether the UIAB's decision on the Petition for Review is free from legal error and whether the decision is supported by substantial evidence. For the reasons stated below, the UIAB's decision is **AFFIRMED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Between June 2019 and February 2022, Jones was employed by Creative Assemblies, Inc. ("Employer") full-time as office manager earning $17.25 per hour. Jones became ill and was admitted to the hospital in late 2021. Employer permitted her to work remotely. During her physical absence, Employer discovered that Jones had made unauthorized personal charges to Employer's credit card accounts and had forged checks from the business's operating account. Employer also discovered that Jones had changed the method that bank statements were received, from printed to electronic, before Employer discovered the financial losses. These unauthorized transactions totaled over $174,000. On February 18, 2022, Employer terminated Jones. Employer reported the alleged crimes to the Delaware State Police on March 11, 2022, and Jones was subsequently arrested in June 2022.

2

## A. The Referee's Decision

After proper notice and a hearing held on August 29, 2022, the Appeals Referee (the "Referee") found that Employer discharged Jones from her employment for just cause and therefore was disqualified from receipt of unemployment benefits.[1]

Jones disputed these claims and denied involvement in any criminal activities. Jones alleged that Employer's owner had made inappropriate advances toward her. Further, she accused Employer of hiring undocumented immigrants to work for the business. The Referee decided Jones's testimony was not credible and found the Employer's witnesses to be credible.

## B. The Board's Decision

Jones timely appealed the Referee's decision to the UIAB, and a hearing took place on December 14, 2022.[2] Jones testified that the Referee's findings of fact were incorrect, and she argued that she was terminated because of her medical condition and for being under a doctor's care.

Travis Hall testified on behalf of Jones. He stated that he was working for Employer when Jones became ill and when she was terminated. He testified that

---

[1] UIAB Record at 81 (D.I. 6) (hereinafter "Record" or "R.").
[2] *Id.*

Employer had him take work to Jones in the hospital and that after Jones left the hospital, Employer would bring work to her house while she was receiving treatment. Hall also stated that he was there when Jones was terminated, and that Employer's owner told Jones because she could not come into work, he could no longer employ her.

Shelly Hance-Deale testified on behalf of Employer. She stated that Employer had asked Jones for a doctor's note multiple times, but that Jones never provided one. Hance-Deale also noted that Employer permitted Jones to work from home because she was a trusted employee. When Employer discovered the unauthorized transactions, however, she was terminated. Hance-Deale testified that the ultimate reason for Jones' termination was the forgery and theft.

Jones made a brief rebuttal argument, reiterating the inappropriate advances that Employer's owner had made. She also reaffirmed that Employer told her she could work from home to accommodate her needs and that she had provided the doctor's note as requested.

The UIAB affirmed the Referee's decision through its Final Order dated February 24, 2023.[3] It found that Jones's conduct was willful and wanton, requiring no final warning before terminating her employment. The UIAB cited the multiple unauthorized charges to Employer's credit card account in reaching its decision.

---

[3] R. at 81.

Because the UIAB found Jones's and her witness's testimony not as credible as Employer's, it held that the evidence presented was sufficient to show that there was just cause to terminate Jones.

Subsequently, Jones filed a timely petition to challenge the decision of the UIAB in this court on March 9, 2023.[4] Jones now argues that her termination was a result of her illness rather than any alleged misconduct. She explains that she was in the hospital at the time of her termination and that she could not work from home during the period leading up to her dismissal. Jones also claims that she did not receive a fair hearing because she was not allowed to present evidence.

Employer argues that the UIAB's decision should stand because there is substantial evidence in the record justifying the termination, and that the UIAB's decision is free from legal error. Employer's position rests on the fact that the UIAB found that Jones had engaged in numerous unauthorized transactions using the Employer's credit card. These transactions amounted to approximately $174,000, covering activities like casino visits, fast food expenditures, and other personal excursions. Employer maintains that the UIAB assessed the credibility of the involved parties, favoring Employer's side due to perceived inconsistencies from Jones and her witness. In contrast, Employer's testimony was deemed more credible.

---

[4] R. at 1.

## II. STANDARD OF REVIEW

This court hears appeals from the UIAB pursuant to Title 19 Section 3323 of the Delaware Code.[5] The standard of review on appeal is strictly to determine whether there was substantial competent evidence to support the findings of the Board.[6] The evidence must be such that a reasonable and objective mind might accept the evidence as adequate to support a conclusion.[7] This court does not stand in the shoes of the trier of fact and cannot determine questions of credibility.[8] Likewise, this court may not replace the judgment of the UIAB by making its own conclusions.[9] Questions of law are reviewed *de novo*.[10] Absent any errors of law, this court reviews UIAB decisions only for abuse of discretion and ensures its decision does not "exceed[] the bounds of reason."[11] The burden of persuasion is on the party seeking to overturn a decision of the Board, and the court will consider the record in the light most favorable to the prevailing party below.[12]

---

[5] 19 *Del. C.* § 3323.

[6] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).

[7] *Brittingham v. Unemployment Ins. Appeal Bd.*, 2023 WL 4732287, at *1 (Del. July 24, 2023) (citing *Oceanport Indus. v. Wilmington Stevedores*, 638 A.2d 892, 899 (Del. 1994)).

[8] *Thompson*, 25 A.3d at 782.

[9] *Id.*

[10] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

[11] *Id.*

[12] *Thompson*, 25 A.3d at 782.

## III. DISCUSSION

After conducting a thorough review of the record in this case, I agree with the UIAB that Employer met its burden to show Jones was fired for just cause. There was substantial evidence to warrant an immediate termination of Jones without warning. Bank statements and testimony support the UIAB's decision to affirm the Referee. The arguments presented to the UIAB were addressed in its decision and, as the finder of fact below, given the weight deemed appropriate. Moreover, I do not find any legal error in the application of the statutory requirements or due process in the proceedings below. Jones was given opportunities to make her arguments and present evidence to both the Referee and the Board. They both found her testimony to be not credible. This court will not set aside these credibility determinations on appeal.

## IV. CONCLUSION

The UIAB's decision is free from legal error and supported by substantial evidence. Therefore, the UIAB's decision must be **AFFIRMED.**

**IT IS SO ORDERED.**